# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00693-CV

### In re Eric Nathan Ivey

### ORIGINAL PROCEEDING FROM COMAL COUNTY

### M E M O R A N D U M   O P I N I O N

Eric Nathan Ivey, an inmate appearing pro se, has filed a petition for writ of mandamus seeking to compel the trial court to dismiss the pending charges against him for violation of the Interstate Agreement on Detainers ("the IAD"). *See* Tex. Code Crim. Proc. Ann. art. 51.14 (West 2006). Ivey is currently incarcerated in Florida on a federal offense, but has a state jail felony charge pending against him in the district court of Comal County. While in federal prison, Ivey requested that his Comal County case be resolved pursuant to the IAD. Article III of the IAD provides that when an inmate has criminal charges pending against him in another state or federal jurisdiction, the inmate

> shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint.

*Id.* at Art. III(a). Failure to comply with the 180-day timeline of the IAD results in dismissal of the pending charges with prejudice. *Id.* at Art. III(d).

An inmate is not entitled to mandamus relief dismissing the charges against him under the IAD if he fails to demonstrate compliance with the IAD's requirements. *See In re Cantu*, No. 04-09-00527-CR, 2009 Tex. App. LEXIS 7965, at *2 (Tex. App.—San Antonio Oct. 14, 2009, orig. proceeding) (mem. op.); *In re Montgomery*, No. 12-09-00115-CR, 2009 Tex. App. LEXIS 3092, at *3 (Tex. App.—Tyler May 6, 2009, orig. proceeding) (mem. op.); *In re Hembree*, No. 07-05-00320-CV, 2005 Tex. App. LEXIS 7826, at *2 n.2 (Tex. App.—Amarillo Sept. 23, 2005, orig. proceeding) (mem. op.); *see also Burton v. State*, 805 S.W.2d 564, 575 (Tex. App.—Dallas 1991, pet. ref'd) (holding that 180-day timeline never began to run because appropriate court was not notified).

Here, Ivey's request for adjudication under the IAD was not delivered to the "appropriate court of the prosecuting officer's jurisdiction" as required. Tex. Code Crim. Proc. Ann. art. 51.14, Art. III(a). Ivey's request was forwarded to the county court clerk in Comal County, rather than the district clerk.[1] Because the appropriate court was not notified, the 180-day timeline of the IAD never began to run. *See Burton*, 805 S.W.2d at 575; *see also State v. Votta*, 299 S.W.3d 130, 133, 137 (Tex. Crim. App. 2009) (holding that inmate was not entitled to dismissal of charges where IAD request was sent to county court, rather than district court where charges were pending).

---

[1] The certified mail receipt indicates that the request was mailed to Joy Streater, Comal County Clerk, at 150 N. Seguin Avenue, Suite 101, in New Braunfels. The office of the Comal County District Clerk, Kathy Faulkner, is located at 150 N. Seguin Avenue, Suite 304.

As a result, Ivey is not entitled to mandamus relief compelling dismissal of the charges against him under the IAD.  The petition for writ of mandamus is denied.  *See* Tex. R. App. P. 52.8(a).


_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed:    November 17, 2010